# Nelms and Wife *v.* Armstrong & Co.

### *Action against Husband and Wife, for Price of Necessaries.*

1. *Sufficiency of verdict.*—In an action against husband and wife, seeking to charge the wife's property, particularly described, and alleged to belong to her statutory separate estate, with the price of necessary family supplies sold and delivered (Code, § 2711); a verdict, finding the issue in favor of the plaintiffs, assessing their damages at a specified sum, and further finding "the following *separate estate* to belong to" the wife, is sufficient to support a judgment for plaintiffs, although it does not, in words, find that the property belongs to the *statutory* separate estate of the wife.

APPEAL from the Circuit Court of Lee.
Tried before the Hon. JAMES E. COBB.

GEO. D. & G. W. HOOPER, for appellants.

MANNING, J.—This was an action by Armstrong & Co., against appellants, to recover of the statutory separate estate of Mrs. Nelms the amount of an account for goods sold, which were "articles of comfort and support for the household" of defendants, "suitable to the degree and condition in life of their family, and for which the said husband . . would be responsible at common law." The complaint then avers, that certain property, described therein, was of the *statutory* separate estate of the wife, when the goods were sold, and at the time of the bringing of the suit.

The only objection made to the judgment in favor of plaintiffs is founded on the verdict of the jury, who "find the issue in favor of the plaintiffs, and assess their damages at," &c., "and find the *following separate estate to belong* to Mary Nelms. to-wit," &c., describing property specified in the complaint, The contention is, that the verdict does not support the judgment, because the jury do not find that the property is of the *statutory* separate estate of Mary Nelms. But the verdict is in response to the complaint, and finds the issue in favor of plaintiffs; and an essential part of that issue, presented by the pleading, was that the property designated belonged to the statutory separate estate of Mrs. Nelms. A just construction of the verdict shows, that the jury found that the property in question was of her *statutory* separate estate.

Let the judgment be affirmed.